IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **YANQUI LU, a/k/a Yin Chiu Lu** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 6:26-cv-03424-MDH** |
| | ) | |
| **DAVID VENTURELLA, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner has been detained by the Department of Homeland Security ("DHS") subsequent to her order of supervision being revoked. Pending before the Court is her Verified Petition for Writ of Habeas Corpus (Doc. 1) as well as Respondents' Motion to Dismiss Case for Lack of Subject Matter Jurisdiction (Doc. 11). For the reasons outlined below, the Court concludes that Petitioner's petition for habeas corpus under 28 U.S.C. section 2241 should be **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

Petitioner Yanqui Lu is a citizen of China who is currently confined in Greene County Jail in Springfield, Missouri. Petitioner arrived in the United States on or about March 19, 2000. She entered without being admitted or paroled after inspection and without a valid immigrant visa or other valid entry document. Immigration authorities arrested Petitioner upon entry and placed her in removal proceedings, charging her as an inadmissible alien under 8 U.S.C. section 1182(a)(6)(A)(i).[1] In September 2000, an immigration judge authorized Petitioner's release on

[1] Petitioner's deportation officer maintains Petitioner was charged under § 1182(a)(7)(A)(i)(I), while Petitioner's petition says Petitioner was charged under § 1182(a)(6)(A)(i). Either charge results in the same conclusion, so it is not necessary for the Court to address this discrepancy further.

bond. Petitioner posted bond and was released from custody. On June 30, 2003, an immigration judge denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture. Petitioner timely appealed the decision to the Board of Immigration Appeals ("BIA"). The BIA dismissed Petitioner's appeal, causing Petitioner to become subject to a final order of removal. Petitioner was taken back into DHS custody on August 4, 2006, before being released one week later and placed on an order of supervision. Petitioner remained in the United States in compliance with the conditions of her order of supervision for the next nineteen years.

Petitioner's order of supervision was revoked on December 23, 2025. At her next regular reporting appointment on February 17, 2026, DHS took her back into custody, where she has since remained.

Petitioner brought this proceeding, seeking a writ of habeas corpus pursuant to 28 U.S.C. section 2241, against (1) the acting field office director of ICE Kansas City, (2) the Secretary of DHS, (3) the U.S. Attorney General, and (4), the Greene County Sheriff all in their official capacities.[2] She does not challenge the validity of her final order of removal; rather, she challenges the legality of her continued detention, arguing that it violates the Immigration Nationality Act (INA) and the Due Process Clause.[3] Respondents argue that Petitioner is not entitled to be considered for release. The Court resolves the parties' arguments below.

---

[2] Petitioner's Petition mistakenly lists Sheila Sauls, the warden of Greene Correctional Institution in North Carolina instead of Jason Johnson, interim sheriff of the Greene County Jail in Springfield, Mo. Regardless of this error, the Court construes the proper party holding Petitioner in custody as the Department of Homeland Security through Immigration and Customs Enforcement. As DHS and ICE are utilizing the Greene County Jail to hold Petitioner and other detainees, the Court expects its ruling to apply to the Government and those aiding the Government regarding this specific case.

[3] The Eighth Circuit's split decision in *Herrera Avila v. Bondi*, No. 25-3248, is controlling until potential en banc rehearing or review by the Supreme Court and forecloses Petitioner's statutory claim. However, the Eighth Circuit did not address, nor foreclose, Due Process claims.

## DISCUSSION

### I. Jurisdiction

Respondents argue that three statutory provisions—8 U.S.C. sections 1252(a)(5), 1252(g), and (b)(9) deprive this Court of jurisdiction to consider any of Petitioner's claims that fall outside of *Zadvydas v. Davis*, 533 U.S. 678 (2001). The Court disagrees.

Section 1252(a)(5), entitled "Exclusive means of review," limits judicial review of orders of removal to "an appropriate court of appeals." As stated above, Petitioner is "not challeng[ing] the validity of her final order of removal." Thus, section 1252(a)(5) does not strip this Court of jurisdiction. *See R.O.A. v. Edlow*, 805 F.Supp.3d 565, 571–72 (D. Vt. 2025).

Sections 1252(g) and (b)(9) apply narrowly to systemic challenges to regulations implementing expedited removal, review of an order of removal, the decision to seek removal, or the process by which removability will be determined—not to constitutional or statutory claims which precede and are collateral to that process, including, as relevant here, unlawful arrest or detention. *See Mata Velasquez v. Kurzdorfer*, No. 25-CV-493-LJV, 2025 U.S. Dist. LEXIS 135986, 2025 WL 1953796, at *7 (W.D.N.Y. July 16, 2025); *see also Hernandez-Cuevas v. Olson*, No. 4:25-cv-00830-BP, at 3 (W.D. Mo. Nov. 05, 2025) (citing 8 U.S.C. § 1252(b)(2)); *Cifuentes Rivera v. Arnott, et al*, 25-cv-00570-RK1, Doc.19 at 7 (W.D. Mo. Oct. 07, 2025) ("[T]he narrow scope of § 1252(g) does not cover 'claims [that] are collateral to the Government's decision to execute the final order of removal,' for instance, claims seeking relief based upon the Government's alleged failure to comply with its own regulations regarding the required administrative processes after an alien is detained."). Petitioner is challenging her unlawful detention, not any removal decisions or actions, so the above provisions do not deprive the Court of jurisdiction.

For those reasons, this Court concludes it has jurisdiction over Petitioner's habeas petition.

## II. Permissibility of Continued Detention

The Immigration and Nationality Act ("INA") provides that the Attorney General "shall remove" an alien within ninety days of entry of an order of removal. 8 U.S.C. § 1231(a)(1)(A). The alien must be held in the Government's custody during these ninety days. *Id.* § 1231(a)(2)(A); *Zadvydas v. Davis*, 533 U.S. 678, 683 (2001). The INA authorizes extended detention if the Government does not remove the alien within the ninety-day period; however, it is well settled that this extension cannot be indefinite. 8 U.S.C. § 1321(a)(6); *Zadvydas*, 533 U.S. at 682, 689; *Clark v. Martinez*, 543 U.S. 371, 379 (2005).

The Supreme Court in *Zadvydas* clarified the boundaries of post-ninety-day detentions. 533 U.S. at 699–700, 701. Reasoning that "indefinite detention of [admitted] aliens . . . would raise serious constitutional concerns," the Court found that detentions after the ninety-day period are presumptively limited to six months. *Id.* at 701; *Martinez*, 543 U.S. at 378. Once the six-month period has passed, an alien detainee is eligible for conditional release if she "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701; *Martinez*, 543 U.S. at 378. If the alien does so, the burden shifts back to the Government to provide "sufficient evidence to rebut that showing." *Zadvydas*, 533 U.S. at 701. The Court reaffirmed this scheme in *Clark v. Martinez* and extended it to include not just admitted aliens but also aliens who have been ordered removed and are inadmissible under 8 U.S.C. section 1182. 543 U.S. at 378.

Here, Petitioner is inadmissible under section 1182, so the *Zadvydas* holding applies per *Martinez*. First, Petitioner filed her petition for writ of habeas corpus before the presumptive six-

month period elapsed; indeed, the period still has not expired.[4] The petition can be denied on that ground alone. Even disregarding this, the petition can still be denied because Respondents have proffered evidence sufficient to rebut Petitioner's assertion that her removal is not likely "in the reasonably foreseeable future." Respondents have submitted a travel document request for Petitioner's removal and are taking active steps to monitor the status of the request. At this time, all Respondents are waiting on is a nationality determination by China immigration officials. This creates a "significant likelihood" that Petitioner's removal will occur in the reasonably foreseeable future. For these reasons, the Court finds Petitioner's petition for writ of habeas corpus must be denied without prejudice.

## III. Temporary Restraining Order

In the Petition, Petitioner filed an ex parte motion for a temporary restraining order. The Court finds this motion is moot in light of the Court's denial of Petitioner's petition for writ of habeas corpus.

## IV. Attorneys' Fees

Petitioner requests an award of reasonable attorneys' fees and costs. Pursuant to the Equal Access to Justice Act ("EAJA"), a court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, brought by or against the United States, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C § 2412(d)(1)(A).

[4] Petitioner was taken into custody on February 17, 2026. The initial ninety-day period therefore elapsed on May 18, 2026. This results in the presumptively constitutional six-month detention period elapsing on November 18, 2026.

Here, Petitioner is not a prevailing party and therefore cannot pursue an award of reasonable attorneys' fees and costs under the EAJA. Accordingly, Petitioner's request must be denied.

## CONCLUSION

The Court concludes Petitioner's right to procedural due process has not been violated, nor has the INA, and she is not entitled to immediate release. Accordingly, the Petition for Writ of Habeas Corpus is **DENIED WITHOUT PREJUDICE**; Petitioner's motion for a temporary restraining order is **DENIED AS MOOT**; Petitioner's request for attorney's fees and costs is **DENIED**; and Respondents' motion to dismiss for lack of subject matter jurisdiction is **DENIED AS MOOT** under the ruling.

**IT IS SO ORDERED**.

DATED: August 21, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**